# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| **D.B., a minor, by his next friend, and mother, ELIZABETH B.,** | ) ) ) ) |   |
| Plaintiff, | ) ) |   |
| v. | ) ) ) | Civil Action No. 10-10897-FDS |
| **SUTTON SCHOOL DISTRICT, SUTTON SCHOOL COMMITTEE,** and the **MASSACHUSETTS DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION,** | ) ) ) ) ) ) |   |
| Defendants. | ) ) |   |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND AND MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

**SAYLOR, J.**

This is a civil action arising out of an ongoing dispute over the provision of special education services by a small school district. After obtaining a decision from an institutional hearing officer of the Board of Special Education Appeals ("BSEA"), Elizabeth B. brought this action on behalf of her son, D.B., a minor, in Massachusetts Superior Court. The complaint seeks review of the decision of the BSEA and relief for the alleged violation of plaintiff's rights under the Individuals with Disabilities Education Act ("IDEA") and three other federal statutes. *See* 20 U.S.C. §§ 1401-1487. The School District and School Committee of the Town of Sutton, two of the three defendants in this action, filed an answer and asserted a counterclaim against plaintiff in state court. The third defendant, the Massachusetts Department of Elementary and Secondary

Education, filed a separate answer. Defendants then removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and (b). Pending before the Court is plaintiff's motion to remand and motion to dismiss defendants' counterclaim. For the following reasons, both motions will be denied.

## I. Motion to Remand

The motion to remand challenges defendants' notice of removal as defective and contends that defendants submitted to the jurisdiction of the state court by filing an answer.[1]

Plaintiff first contends that the removal petition is defective because it did not unambiguously demonstrate that all three defendants consented to removal. The Sutton School Committee and the Sutton School District, two of the three defendants in this action, filed the petition for removal on the same day that they filed an answer in state court. The removal petition states in relevant part:

> Defendant Department of Elementary and Secondary Education ("DESE") has been consulted about the petition for removal. The defendant DESE has consented to the removal, such that all Defendants agree to the removal of the action.

(Removal Pet. ¶ 7). Plaintiff contends that because the Department of Elementary and Secondary Education did not independently inform this Court of its consent to removal, the removal was improper.

"As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition." *Montana v. Abbot Labs.*, 266 F. Supp. 2d 250, 260 (D. Mass. 2003) (citing *Lapides v. Board of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002)). This rule of unanimity permits remand if at least one defendant has not filed a

---

[1] Plaintiff does not challenge the timeliness of defendants' notice of removal or the jurisdictional basis for removal, both of which appear to be satisfied.

2

notice of removal or otherwise consented to removal within thirty days of being served. *See* 28 U.S.C. § 1446(b) (prescribing a thirty-day statute of limitations for filing a removal petition in federal court); *Montana*, 266 F. Supp. 2d at 260. "Although it is not required that all the defendants sign the [removal] petition to manifest consent, 'that consent must be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days.'" *Frankston v. Denniston*, 376 F. Supp. 2d 35, 38 (D. Mass. 2005) (quoting *Sansone v. Morton Mach. Works, Inc.*, 188 F. Supp. 2d 182, 184 (D.R.I. 2002)).

Both plaintiff and defendants appeal to *Frankston* as supporting their position. The representation of consent in the notice of removal in *Frankston* stated, "Upon information and belief, [the co-]defendant . . . does not object to the removal." *Frankston*, 376 F. Supp. 2d at 40. The court in *Frankston* cited three reasons for its conclusion that both defendants had not clearly consented to removal. *Id.* First, the court could not determine the information upon which the petitioning defendant was relying in concluding that his co-defendant did not object to removal. *Id.* Second, there was no indication that the co-defendant told the petitioning defendant that he consented. *Id.* at 41. Finally, the court determined that a failure to object is not the same thing as consent. *Id.*

None of those considerations is present in this case. The two Sutton defendants indicated to this Court that the Department of Elementary and Secondary Education "has consented to the removal" and that all defendants "agree to the removal." (Removal Pet. ¶ 7). These affirmative representations of consent are plainly different from a failure to object. Moreover, the Sutton defendants made clear that the three defendants had "consulted" about the removal petition. (Removal Pet. ¶ 7). Indeed, a subsequent affidavit submitted by the Department of Elementary

3

and Secondary Education after the thirty-day period confirms that the defendants had discussed removal, and that the Department had consented to removal. (Miller Aff. ¶¶ 3, 4).

The Court concludes that the notice of removal clearly and unambiguously manifested all defendants' consent to removal in this case. *See Frankston*, 376 F. Supp. 2d at 38, 40-41. There is no requirement that all defendants sign the removal petition to manifest consent, nor is there any requirement that all defendants independently inform this Court of their consent. *See id.* at 38. The removal petition's multiple representations to the Court of all defendants' consent and the representation of prior consultation between the parties is sufficient. Because removal was properly consented to by all defendants and the removal petition was not otherwise defective, remand for failure to consent is not appropriate.

Plaintiff next contends that because defendants filed their answers in state court, they "submitted to the jurisdiction" of the state court and therefore waived their right to remove under 28 U.S.C. § 1441(a) and (b). A defendant may waive its right to remove a case to federal court when its actions "indicate the defendant has invoked the jurisdiction of the state court or has taken actions that manifest the defendant's intent to have the case adjudicated in state court." *Hernandez-Lopez v. Commonwealth of Puerto Rico*, 30 F. Supp. 2d 205, 209 (D.P.R. 1998). In order to find a waiver of removal, the reviewing court must find that "[d]efendants clearly and unequivocally intended to waive the right to remove and to submit to the state's jurisdiction." *Fain v. Biltmore Sec., Inc.*, 166 F.R.D. 39, 40 (M.D. Ala. 1996).

With these principles in mind, several courts have determined that a defendant does not manifest clear and unequivocal intent to waive the right to remove merely by filing an answer in state court. *See, e.g.*, *Haak Motors LLC v. Arangio*, 670 F. Supp. 2d 430, 433 (D. Md. 2009)

4

("Answering before removal is not waiver."); *Hernandez-Lopez*, 30 F. Supp. 2d at 207; *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 128 (S.D. Fla. 1985) (concluding that defendant did not waive its right to remove by filing an answer, a motion for extension of time, and interrogatories); *Malave v. Sun Life Assur. Co. of Canada*, 392 F. Supp. 51, 52 (D.P.R. 1975) (noting that Fed. R. Civ. P. 81(c) "implies that removal is not waived by defendant's . . . filing an answer in a state court prior to filing a petition for removal in the federal court"). Here, defendants filed an answer in state court, but on the same day filed their notice of removal. Far from manifesting a clear and unequivocal intent to waive the removal right, this simultaneous filing indicates a clear desire to have this matter adjudicated in federal court. Accordingly, defendants did not waive their right to remove under 28 U.S.C. § 1441(a) and (b).

Because defendants' notice of removal is not defective and defendants did not waive their removal right, plaintiff's motion to remand will be denied.

## II. Plaintiff's Motion to Dismiss Defendants' Counterclaim

Under IDEA, "[a]ny party aggrieved by the findings and decision" of the BSEA may "bring a civil action" in any state court of competent jurisdiction or in a United States district court. 20 U.S.C. § 1415(i)(2)(A). The statute also provides that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action." *Id.* § 1415(i)(2)(B). In this case, the hearing officer issued his report on January 27, 2010, and plaintiff filed suit in state court on April 22, 2010, within the 90-day period. Defendants answered and asserted their compulsory counterclaim on May 25, 2010, after the 90-day period had elapsed. *See* Fed. R. Civ. P. 13(a) (defining when counterclaims are compulsory). Plaintiff's motion to dismiss contends that because defendants' counterclaim was brought after the 90-day

5

statute of limitations had expired, it must be dismissed as time-barred.[2]

The Court must therefore consider whether a party asserting a compulsory counterclaim under § 1415 "bring[s] a civil action" subject to the 90-day limitation in the statute. *Id.* § 1415(i)(2)(A). Although the First Circuit has not yet addressed this question, the Third Circuit recently determined that a defendant does not "bring an action" when it asserts a compulsory counterclaim under § 1415. *See Jonathan H. v. The Souderton Area Sch. Dist.*, 562 F.3d 527, 530 (3d Cir. 2009). As in this case, the plaintiff in *Jonathan H.* filed an action to challenge the decision of a hearing officer right before the 90-day limitations period expired. *Id.* at 528. The school district then counterclaimed after the 90-day period had elapsed. *Id.* Concluding that it was time-barred under 20 U.S.C. § 1415(i)(2)(B), the district court denied the school district's counterclaim. *Id.*

The Third Circuit reversed. *Id.* at 530. Citing the statutory language, it first noted that an IDEA action is "properly characterized as a 'civil action,' not an 'appeal.'" *Id.* at 529 (citing 20 U.S.C. § 1415(i)(2)(A) ("Any party aggrieved by the findings and decision . . . shall have the right to bring a civil action.")). It then analyzed the statutory phrase "bring a[n] . . . action," and concluded that the language refers to instituting legal proceedings by filing a complaint. *Id.* Because counterclaims are inherently responsive, the court determined that a defendant does not "bring an action" when it asserts a compulsory counterclaim under IDEA. *Id.* It then correspondingly held that because § 1415 only requires a party "bring[ing] a civil action" to file

---

[2] Plaintiff's motion to dismiss also includes one sentence that contends that defendants' counterclaim "is not properly a counterclaim insofar as it presents no allegations against plaintiffs and does not seek relief in any form against Plaintiffs." (Pl.'s Mot. at 3). Defendants' counterclaim contains eighteen paragraphs of enumerated allegations and seeks reversal of hearing officer's order of reimbursement for DB's parents. Because plaintiff's contention is not supported with any argument or specificity, however, the Court will decline to consider it as a colorable grounds for dismissal of defendants' counterclaim.

6

suit within 90 days, the statute does not prescribe a time limitation for a defendant seeking to assert a compulsory counterclaim. *Id.* at 530. The court observed that even though the plain language of the statute dictated this outcome, the rule established was also fair, as it would not permit plaintiffs to file suit right before expiration of the 90-day period in order to prevent defendants from counterclaiming. *See id.*

This Court agrees with the Third Circuit's analysis of the text of § 1415, as well as its observations about the equities of the rule. Accordingly, defendants' counterclaim is not subject to the 90-day statute of limitations, and may be asserted after that period has elapsed. Plaintiff's motion to dismiss defendants' counterclaim will therefore be denied.

### III. Conclusion

For the reasons stated, plaintiff's motion to remand is DENIED, and plaintiff's motion to dismiss defendants' counterclaim is also DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: February 3, 2011                                United States District Judge