UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.B., a minor, by his next friend, and mother, ELIZABETH B., ) ) ) ) Plaintiff, ) ) v. ) ) SUTTON SCHOOL DISTRICT, ) SUTTON SCHOOL COMMITTEE, and ) the MASSACHUSETTS DEPARTMENT ) OF ELEMENTARY AND SECONDARY ) EDUCATION, ) ) Defendants. ) ) | Civil Action No. 10-10897-FDS |

MEMORANDUM AND ORDER ON THE MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO COUNTS II, III, AND IV
BY THE SUTTON SCHOOL COMMITTEE AND SUTTON SCHOOL DISTRICT

**SAYLOR, J.**

This matter arises from an ongoing dispute concerning the provision of special education services by a small school district. Plaintiff D.B. is a fourteen-year-old child who resides in Sutton, Massachusetts. D.B. has several disabilities that interfere with his ability to learn.

After obtaining a decision from a hearing officer of the Board of Special Education Appeals ("BSEA"), D.B.'s mother brought this action on his behalf alleging that the Sutton School District, the Sutton School Committee, and the Massachusetts Department of Elementary and Secondary Education denied him a free and appropriate public education ("FAPE"). The complaint seeks review of the portion of the BSEA decision finding that D.B.'s parents are not entitled to reimbursement for certain privately-funded education services. It asserts claims under

four federal statutes: (1) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; (2) section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (4) 42 U.S.C. § 1983.[1]

The Sutton School Committee and the Sutton School District have moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) as to Counts 2, 3, and 4. For the following reasons, the motion will be granted.

I. **Background**

For the purposes of deciding the motion, the Court accepts as true all well-pleaded facts in plaintiff's complaint.

D.B. is a student who suffers from a variety of disabilities. From September 2000 until March 2005, he was a student in the Sutton Public Schools. (Compl. ¶ 8). He has long been eligible to receive special education services from Sutton because of his disabilities. (*Id.* ¶ 9).

To comply with statutory obligations under the IDEA, the Sutton defendants proposed individualized education programs ("IEP") for D.B. for the periods of October 2007 to October 2008 and October 2008 to October 2009. *See* 20 U.S.C. § 1414(d); (Compl. ¶ 18). D.B.'s parents rejected the proposed IEPs, opting instead to enroll him in private educational services. (*See* Compl. ¶¶ 18, 22).

The parents filed an administrative complaint with the BSEA in June 2009 seeking reimbursement for the private education services they acquired for D.B. during the two IEP periods. (*See id.* ¶ 18; Mot., Ex. A). The hearing officer's subsequent report determined that the

---

[1] Plaintiff has asserted the claims under the Rehabilitation Act, the ADA, and § 1983 against the Sutton School Committee and the Sutton School District, but not against the Massachusetts Department of Elementary and Secondary Education.

IEP covering October 2007 through October 2008 proposed an inappropriate placement for D.B., thereby denying him a FAPE. (Compl. ¶ 20; Mot., Ex. A, at 25). The report also concluded that the October 2008 through October 2009 IEP denied D.B. a FAPE, in part because of its failure to provide accommodations for D.B.'s toileting difficulties. (Compl. ¶ 20; Mot. Ex., A, at 31).

The report next turned to the parents' eligibility for reimbursement for the private education services. It first concluded that academic tutoring and occupational therapy programs in which D.B. participated during the October 2007 through October 2008 period were necessary and appropriate, but that a "social group" in which he participated was not. (Compl. ¶ 21; Mot., Ex. A, at 38-41). It accordingly ordered Sutton to reimburse D.B.'s parents for the costs of the tutoring and occupational therapy services. (Compl. ¶ 22; Mot., Ex. A, at 40). With respect to the IEP covering October 2008 through October 2009, the report determined that the parents were entitled to reimbursement for two private consulting sessions with an expert hired to assess D.B.'s toileting needs. (Mot., Ex. A, at 41). Because the parents had not exhibited a good-faith willingness to enroll D.B. in an appropriate within-district placement with tailored accommodations for that period, the report did not order reimbursement for additional private education services. (Compl. ¶ 24; Mot., Ex. A, at 41-42).

Plaintiff filed this complaint on April 22, 2010, to obtain review of the BSEA report. *See* 20 U.S.C. § 1415(i)(2)(A). Acting through his mother, he seeks reimbursement for all costs expended to provide him with an appropriate education from October 2008 to October 2009, and asserts that the report erred in failing to address additional legal matters. The complaint also asserts claims under the Rehabilitation Act, ADA, and § 1983 seeking additional damages, punitive damages, and attorney's fees.

3

## II. <u>Standard of Review</u>

"The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." *Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir. 2005). The court "must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in [his] favor." *Feliciano v. Rhode Island*, 160 F.3d 780, 788 (1st Cir. 1998). However, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). The court will allow defendants' motion for judgment on the pleadings if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III. <u>Analysis</u>

The Sutton defendants contend that the claims asserted under the Rehabilitation Act, the ADA, and § 1983 are, in substance, claims that mirror the IDEA claim. Emphasizing the paucity of factual allegations in the complaint to support independent claims under these statutes, the Sutton defendants maintain that plaintiff has not asserted viable claims in Counts 2, 3, and 4. Accordingly, they have moved for judgment on the pleadings as to those counts.

A party asserting a claim under the IDEA is not precluded from asserting complementary claims under the Constitution or other federal statutes.  *See* 20 U.S.C. § 1415(*l*); *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 29 (1st Cir. 2006); *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 117-18 n.4 (1st Cir. 2003).[2]  Where the underlying case "turns entirely on the rights created by statute in the IDEA," however, a plaintiff is not entitled to relief beyond what is authorized by the IDEA.  *Diaz-Fonseca*, 451 F.3d at 29.  A plaintiff may pursue relief that remains independently available through other sources of law, but may not enlist the ADA, the Rehabilitation Act, or § 1983 to seek redress for what is, in essence, a claim under the IDEA for denial of a FAPE.  *See, e.g.*, *M.M.R.-Z. ex rel. Ramirez-Senda v. Puerto Rico*, 528 F.3d 9, 14 (1st Cir. 2008); *Diaz-Fonseca*, 451 F.3d at 19, 29; *Millay ex rel. YRM v. Surry Sch. Dep't*, 707 F. Supp. 2d 56, 58-59 (D. Me. 2010); *David T. ex rel. Kaitlyn T. v. City of Chicopee*, 474 F. Supp. 2d 215, 218 (D. Mass. 2007).  The Court must therefore assess whether the essence of the underlying claim in this case is for a violation of the IDEA, or if plaintiff has asserted independent harms that may be pursued under the Rehabilitation Act, the ADA, and § 1983.

Section 504 of the Rehabilitation Act prohibits any program or activity that receives federal funding from discriminating on the basis of disability.  29 U.S.C. § 794.  Plaintiff's claim under the Rehabilitation Act (Count 2) alleges that the Sutton defendants "failed to provide appropriate accommodations to allow DB to participate in, enjoy the benefits of and have meaningful access to programs of the Sutton School system."  (Compl. ¶¶ 32, 35).  Elsewhere in the complaint plaintiff alleges that "Sutton is required by § 504 of the Rehabilitation Act to

---

[2] Under 20 U.S.C. § 1415(*l*), "[n]othing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities."

5

provide aids and services to allow a disabled student to access the programs provided by [Sutton Public Schools]." (Compl. ¶ 16).

Count 3 alleges a violation of the ADA, 42 U.S.C. § 12101 *et seq.*, which prohibits discrimination against qualified disabled individuals in employment, public services, and public accommodations. The complaint alleges that the Sutton defendants "failed to provide appropriate accommodations to allow DB to participate in, enjoy the benefits of and have meaningful access to programs disseminated in, and the environs of, the Sutton School system."[3]

The claim under § 1983 (Count 4) asserts that "DB has a statutory and constitutional right not to be denied <u>any</u> rights on the basis of his disability and has a statutory right to receive a free and appropriate public education." (Compl. ¶ 37 (emphasis in the original)). The complaint then alleges that the Sutton defendants "denied DB rights on the basis of his disability and denied DB his statutory right to receive a free and appropriate public education." (*Id.* ¶ 38).

It is clear that plaintiff's claims under the Rehabilitation Act, the ADA, and § 1983 are premised on the alleged denial of a FAPE and appropriate accommodations. *See Diaz-Fonseca*, 451 F.3d at 29. The § 1983 claim expressly borrows the language of the right to a free and appropriate public education from the IDEA. *See, e.g.*, 20 U.S.C. § 1400(d)(1)(A), 1401(9). It fails to identify any other statutory or constitutional right infringed by defendants. The claims under the Rehabilitation Act and the ADA allege that the Sutton defendants deprived D.B. of the accommodations necessary to enable him to participate in the Sutton public schools. These allegations turn on the rights under IDEA to an individually-tailored IEP and to services and

---

[3] The only other allegation in the complaint pertaining to the ADA is the conclusory assertion that "Sutton is required to comply with the requirements of the [ADA] and provide appropriate accommodations to disabled students." (Compl. ¶ 17).

6

accommodations that would extend a FAPE to D.B.  No independent facts are asserted that would distinguish the Rehabilitation Act or ADA claims from the underlying claim in this case—that because the Sutton defendants allegedly deprived D.B. access to a free and appropriate public education during the periods from October 2007 to October 2008 and October 2008 to October 2009, the parents should be entitled to recoup the full costs of providing D.B. with private educational services.  As the essence of plaintiff's Rehabilitation Act, ADA, and § 1983 claims is the denial of rights protected by the IDEA, this case falls squarely within the rationale of *Diaz-Fonseca*, 451 F.3d at 19, 29.  *Compare M.M.R.-Z.*, 528 F.3d at 14-15 (concluding that plaintiff's claims under the ADA, the Rehabilitation Act, and Title IX of the Education Amendments of 1972 were independent from the IDEA claim because they invoked the retaliation provisions of the three statutes), *with Doe v. Wells-Ogunquit Cmty. Sch. Dist.*, 698 F. Supp. 2d 219, 221-22 (D. Me. 2010) (dismissing a claim under the Rehabilitation Act that turned entirely on rights created by the IDEA), *and David T.*, 474 F. Supp. 2d at 218 (dismissing a claim under § 1983 because it was, in essence, a claim under the IDEA for denial of a FAPE).

In an earlier iteration of this dispute, the Court stated that it understood *Diaz-Fonseca* as establishing a rule of relief limitation rather than one of claim preemption requiring dismissal of duplicative claims.  *See D.B. v. Esposito, et al.*, Civil Action No. 07-40191-FDS, at 5-8.  In that matter, plaintiff's claims under the ADA, the Rehabilitation Act, and § 1983 were also in substance claims under the IDEA.  The Court declined to grant defendants' motion to dismiss as to those claims, but observed that "the Court doubts whether those counts serve any practical purpose."  *Id.* at 8.  It eventually granted summary judgment on the claims.

Most district courts within the First Circuit to have considered the question have understood *Diaz-Fonseca* to "require[] the dismissal" of claims asserted under other federal statutes that were premised only on alleged IDEA violations. *See Millay*, 707 F. Supp. 2d at 59; *see also Doe*, 698 F. Supp. 2d at 221-22; *David T.*, 474 F. Supp. 2d at 218. As plaintiff's claims under the Rehabilitation Act, the ADA, and § 1983 will not entitle him to any relief beyond what is available under the IDEA should he prevail on that claim, there is no reason to keep the claims alive until the summary judgment stage. The Court is persuaded by the reasoning of *Millay* and other district courts interpreting *Diaz-Fonseca*. Because plaintiff's case "turns entirely on the rights created by statute in the IDEA," the Court will grant the Sutton defendants' motion for judgment on the pleadings as the claims under the Rehabilitation Act, the ADA, and § 1983. *Diaz-Fonseca*, 451 F.3d at 29.

**IV.   Conclusion**

For the reasons stated, the Sutton School District and Sutton School Committee's motion for judgment on the pleadings as to Counts II, III, and IV of the complaint is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: May 4, 2011                                              United States District Judge