UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:10-cv-10897

* * * * * * * * * * * * * * * * * * * * * * * * *****   *
                                                        *
D.B., a minor,                                          *
By his next friend and mother ELIZABETH B.,             *
                                                        *
    Plaintiffs                                        *
                                                        *
v.                                                      *
                                                        *
SUTTON SCHOOL DISTRICT,                                 *
SUTTON SCHOOL COMMITTEE, and the                        *
MASSACHUSETTS DEPARTMENT                                *
OF ELEMENTARY AND SECONDARY                             *
EDUCATION                                               *
                                                        *
    Defendants                                        *
                                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS SUTTON SCHOOL DISTRICT AND SUTTON SCHOOL COMMITTEE'S OPPOSITION TO THE PLAINTIFFS' REQUEST FOR AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS

    Defendants Sutton School District and Sutton School Committee's (hereinafter, "Sutton" collectively) respectfully opposes Plaintiffs' Request for Award of Reasonable Attorney's Fees and Costs, filed on May 28, 2013. Sutton also takes this opportunity to oppose the Plaintiff's Motion for Leave to Reply to Defendants' Objection, filed on the same day.

### PROCEDURAL HISTORY

    On January 26, 2010, a hearing officer of the Bureau of Special Education Appeals ("BSEA") issued his decision on the underlying dispute in this case between Sutton and the Plaintiffs regarding the special education of Plaintiff D.B. The Plaintiffs subsequently filed an appeal in state court, which was removed and transferred to this Court by order of June 29, 2010.

On August 15, 2012, this Court entered judgment on the parties' cross-motions for summary judgment and affirmed the underlying decision from the BSEA. On August 21, 2012, the Plaintiffs filed a Motion for Reconsideration, which by order of October 22, 2012, this Court treated as a Motion for Clarification related to the issue of attorney's fees. On May 28, 2013, the Plaintiffs submitted a Request for Award of Reasonable Attorney's Fees and Costs ("Request"), as well as a Motion for Leave to Reply to Defendants' Objection to same. Sutton now opposes the Request.

## ARGUMENT

I. <u>A parent who is also an attorney may not recover attorney's fees in connection with the litigation of his or her own child's special education dispute.</u>

   A. <u>The Supreme Court has previously held that a *pro se* litigant cannot qualify for an award of attorney's fees, whether or not that litigant is an attorney.</u>

In <u>Kay v. Ehrler</u>, 499 U.S. 432 (1991), the Supreme Court confronted the question of whether an attorney who represents himself may be awarded reasonable attorney's fees as part of the costs under 42 U.S.C. § 1988 (the Civil Rights Attorney's Fees Awards Act of 1976). The Supreme Court first reviewed the established case law in all federal Circuits that a *pro se* litigant who is not an attorney cannot be awarded attorney's fees. <u>Id.</u>, 499 U.S. at 436 (and cases cited). The Court then noted that "the word 'attorney' assumes an agency relationship and… an attorney-client relationship as the predicate for an award" of fees under the statute. <u>Id.</u> The Court further reasoned,

> A rule that authorizes awards of counsel fees to *pro se* litigants— even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

2

Id., 499 U.S. at 438. Therefore, the Court affirmed the denial of attorney's fees to the successful pro se attorney since making such an award contradicted the statutory purpose of the civil rights fee-shifting regime. See also, Lawrence v. Bowsher, 931 F.2d 1579, 1580 (D.C. Cir. 1991)(following Kay in finding an attorney-litigant ineligible under § 1988 to recover attorney's fees for his self-representation); Pietrangelo v. U.S. Army, 568 F.3d 341, 344-45 (2d Cir. 2009)(relying on Kay in holding that lawyers representing themselves in FOIA litigation are not eligible for attorneys' fees).

> B. Relying on Supreme Court precedent, federal and state courts have consistently held that a parent who is also an attorney does not qualify for attorney's fees under the IDEA, even if the parent is considered a prevailing party.

The Individuals with Disabilities in Education Act ("IDEA" or "the Act") provides that a court may, in its discretion, award the parents of a special education child who prevail in a due process hearing under the Act reasonable attorney's fees. 20 U.S.C. § 1415(i)(3). However, federal and state case law bars parent attorneys from obtaining such attorney's fees for litigating their own child's special education claims. The First Circuit has not yet directly addressed this question (see Section I(C), *infra.*), but every other Circuit court which has addressed the issue has declined to award fees to parent attorneys under the IDEA.

In the first major federal decision to address the issue after Kay, a Maryland district court found that the Supreme Court's reasoning for denying fees in that case applied equally well to a parent attorney's claim for fees under the IDEA. Specifically, the court in Rappaport v. Vance, 812 F. Supp. 609 (D. Md. 1993) found that "the legislative history of IDEA and several courts have mandated that the attorney's fee provision of the Act should be interpreted consistently with the attorney's fee provision of [the Civil Rights Act of 1964]." Id., 812 F. Supp. at 611 (citing Abu–Sahyun v. Palo Alto Unified School Dist., 843 F.2d 1250, 1252 (9th Cir.1988)). Put simply,

the Rappaport court determined that "Congress' purpose in enacting IDEA is not advanced, and fairness is not served, by awarding fees to the father of a disabled child simply because he is an attorney." Id., 812 F. Supp. 612. Furthermore, the Rappaport court dealt with the question of agency by determining that a parent representing his or her child is effectively acting *pro se*:

> Because the language of the statute identifies the parent with the child, and because of the close, natural relationship between parent and child, a parent's representation of a disabled child is effectively pro se representation… Since Congress envisioned the protections of IDEA as extending to both parent and child, the parent's representing the child in administrative proceedings is analogous to the parent representing himself.

Id., 812 F. Supp. at 612.

In Doe v. Board of Education of Baltimore County, 165 F.3d 260, (4th Cir.1998), cert. denied, 526 U.S. 1159 (1999), the Court of Appeals of the Fourth Circuit declined to follow the reasoning in Rappaport that a parent attorney representing his child under the IDEA was essentially representing himself *pro se*; instead, the Fourth Circuit affirmed the denial of attorney's fees for a parent attorney based on the special circumstances doctrine, explained thusly:

> In sum, although an attorney-parent's representation of his child is not pro se representation, such that *Kay* is not on "all fours" with this case, much of the rationale articulated in *Kay* does apply here. That rationale provides a clear basis for invoking the judicially created special circumstances doctrine. In the context of other fee-shifting provisions, *e.g.,* those in 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964, the Supreme Court has recognized that although a prevailing party "should ordinarily recover an attorney's fee," "special circumstances" can render "such an award unjust." ... Although the Court has not discussed the special circumstances doctrine in connection with the IDEA fee-shifting provision, the legislative history indicates that Congress intended courts to interpret it as they have § 1988 and Title VII.

Doe v. Bd. of Educ. of Baltimore Cnty., 165 F.3d 260, 264 (4th Cir. 1998) (internal citations omitted).

Subsequently, the Third, Ninth, and Second Circuits have all clearly held that parent attorneys cannot recover attorney's fees in special education litigation concerning their own child. In Woodside v. Sch. Dist. of Philadelphia Bd. of Educ., 248 F.3d 129 (3d Cir.2001), the Third Circuit acknowledged that a parent who represents his child under the IDEA does not act *pro se*; nevertheless, the court agreed with the reasoning set forth in Kay and Doe. Id., 248 F.3d at 131. The Woodside decision noted that "because the policy ... is to encourage the effective prosecution of meritorious claims ... the better rule is one which encourages parents to seek independent, emotionally detached counsel for their children's IDEA actions ...." Id. ; see also, Ford v. Long Beach Unified Sch. Dist., 461 F.3d 1087, 1091 (9th Cir. 2006); S.N. ex rel. J.N. v. Pittsford Cent. Sch. Dist., 448 F.3d 601, 605 (2d Cir. 2006). Cf. Weissburg v. Lancaster Sch. Dist., 591 F.3d 1255, 1260 (9th Cir. 2010)(declining to extend bar on parent attorneys recovering fees to grandmother who represented student successfully); Amy M. v. Timberlane Reg'l Sch. Dist., CIV. 99-269-B, 2000 WL 1513769 (D.N.H. Aug. 11, 2000)(declining to deny attorney's fees to great aunt who represented student successfully); Matthew V. ex rel. Craig V. v. Dekalb Cnty. Sch. System, 244 F. Supp. 2d 1331, 1337 (N.D. Ga. 2003)(declining to follow Third and Fourth Circuit in holding that parent attorneys are barred from recovering attorney's fees under the IDEA, but nonetheless declining to award fees since the parent attorney was not a prevailing party).

Several state courts have also declined to allow parent attorneys to recover attorney's fees under the IDEA. For example, agreeing with the reasoning in Rappaport, the Supreme Court of Indiana denied a father-attorney's request for attorney's fees under the IDEA. Miller v. W. Lafayette Cmty. Sch. Corp., 665 N.E.2d 905, 907 (Ind. 1996). Similarly, the trial court and appellate court of New York have denied fees to parent attorneys, citing Rappaport. Mayerson ex

rel. M.M. v. DeBuono, 694 N.Y.S.2d 260, 269 (Sup. Ct. 1999) aff'd sub nom. Mayerson v. DeBuono, 710 N.Y.S.2d 528 (N.Y. App. Div. 2000).

    C. <u>Although the First Circuit has not yet explicitly addressed the question of awarding fees to parent attorneys under the IDEA, past precedent strongly indicates that a parent acting as attorney for his child in such a case would be considered to be acting *pro se.*</u>

Generally, the First Circuit does not permit non-lawyers to represent litigants other than themselves. <u>Amann v. Stow Sch. Sys.</u>, 982 F.2d 644, 649, n.2 (1st Cir. 1992)(citing <u>Herrera-Venegas v. Sanchez-Rivera</u>, 681 F.2d 41, 42 (1st Cir.1982)). However, the First Circuit has determined that parents may be "parties aggrieved" within the meaning of IDEA and may, therefore, sue school districts *pro se* related to the special education of their child. <u>Maroni v. Pemi-Baker Reg'l Sch. Dist.</u>, 346 F.3d 247, 250 (1st Cir. 2003). The <u>Maroni</u> court explicitly refrained from addressing whether or not a parent attorney proceeding *pro se* could recover attorneys' fees. <u>Id.</u>, 346 F.3d at 252, n.6. However, allowing parents *pro se* standing under the Act demonstrates recognition of "the language of the [IDEA which] identifies the parent with the child" and the "close, natural relationship between parent and child." <u>Rappaport v. Vance</u>, 812 F. Supp. 609, 612 (D. Md. 1993). Therefore, since First Circuit has acknowledged that a parent advocating for his or her child under the IDEA is effectively acting *pro se*, the Supreme Court's holding in <u>Kay</u>, *supra*, against awarding fees to an attorney for self-representation, should be controlling in the present case.

Furthermore, the District Court of Massachusetts has, in *dicta*, addressed the implications of the out-of-circuit cases denying fees to parent attorneys under the IDEA. In <u>McLaughlin by McLaughlin v. Boston Sch. Comm.</u>, 976 F. Supp. 53 (D. Mass. 1997), the court allowed a parent attorney to claim some attorney's fees in a §1988 action on behalf of his daughter in order to gain her admission to the Boston Latin School. The <u>McLaughlin</u> court reasoned that the parent

6

attorney was not acting *pro se*, but solely on behalf of his daughter, and therefore was distinguishable from the litigant in Kay. McLaughlin, 976 F. Supp. at 64. However, in reaching this conclusion, the court explicitly distinguished Attorney McLaughlin from the parent attorneys advocating for fees under the IDEA in Rappaport, *supra*, and Miller v. W. Lafayette Cmty. Sch. Corp., 665 N.E.2d 905, 907 (Ind. 1996)[1]:

> First, unlike the plaintiffs in those cases, McLaughlin was not representing himself…Only the constitutional rights of his daughter plaintiff were at issue. The applicants in the Kay, Rappaport, and Miller cases were suing on their own behalf. The sole plaintiff in Kay was himself the attorney applying for fees. Rappaport and Miller were both actions under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* whose § 1415(b)(2) and (e)(2) confer explicitly upon the parents of a handicapped child the rights to be heard administratively and to bring a civil action. The language in Rappaport emphasized by defendants on this question, "because of the close, natural relationship between parent and child, a parent's representation of [his] child is effectively *pro se* representation," appears in a sentence which reads in full as follows: "*Because the language of the statute identifies the parent with the child, and* because of the close natural relationship between parent and child, a parent's representation of a disabled child is effectively *pro se* representation." Rappaport, 812 F.Supp. at 612 (emphasis added). The statute controlling here, 42 U.S.C. § 1988, contains no such identifying language.

McLaughlin, 976 F. Supp. at 64-65 (emphasis in original). Therefore, in the only First Circuit case explicitly discussing the implications of Rappaport and Miller, and *before* the Fourth, Third, Ninth, and Second Circuits decided the issue, the McLaughlin court clearly agreed with the interpretation of the language of the IDEA in those cases. The analysis quoted above strongly indicates that if the parent attorney in McLaughlin had been seeking attorney's fees under the

---

[1] Both Rappaport and Miller are discussed in Section I(B). When McLaughlin was decided in 1997, Rappaport (1993) and Miller (1996) appear to have been the only cases interpreting the attorney's fees provision of the IDEA in relation to parent attorneys, post- Kay (1991).

7

IDEA, instead of §1988, he would have been found to be acting *pro se* and, therefore, ineligible for fees.

> D. The Plaintiffs attempt to circumvent the above-discussed case law by failing to list D.B.'s father and attorney as a named plaintiff does not render him eligible for attorney's fees.

The Plaintiffs have filed the present complaint on behalf of D.B., by his next friend and mother, Elizabeth B. Nevertheless, the failure to list D.B.'s father as a named plaintiff does not render him independent legal counsel nor does it create an true agency relationship between parent and child. See Kay, supra, at 436; Ford v. Long Beach Unified Sch. Dist., 461 F.3d 1087, 1091, n.7 (9th Cir. 2006)(citing Restatement of Agency). In Ford, the father and child were similarly listed as plaintiffs while the mother attorney, who had a different last name, was not. This tactic did not prevent the Ninth Circuit from immediately acknowledging the true relationship of the plaintiffs' attorney to the student and the student's father. Id., 461 F.3d at 1088. Similarly, in this case, the technicalities of the pleading are insufficient to overcome the legal rationale for barring parent attorneys from claiming attorney's fees for representing their own child in disputes under the IDEA.

> II. Even assuming *arguendo* that the parent attorney in this case was eligible for fees, the Plaintiffs are not entitled to reasonable attorney's fees and costs because they were not prevailing parties in the due process hearing below.

As noted above, the IDEA at 20 U.S.C. §1415(i)(3)(B) provides that a "court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." The Plaintiffs are not entitled to an award of fees because they are not 'prevailing parties' under the IDEA as that term has been defined by the United States Supreme Court in Buckhannon Board and Care Home, Inc. v. West Virginia

Department of Health and Human Resources, 532 U.S. 598 (2001), and applied by First Circuit case law to the IDEA's fee-shifting provisions.

      A. <u>The relief awarded to the Plaintiffs below was *de minimus* in nature and did not constitute a material alteration of the relationship between the parties.</u>

A prevailing party is one who succeeds on a significant issue which achieves some of the benefits sought, and "[t]he party's success cannot be a hollow victory; it must materially alter the litigants' legal relationship by modifying one party's behavior in a way that directly benefits the other." <u>Maine Sch. Admin. Dist. No. 35 v. Mr. R.</u>, 321 F.3d 9, 15 (1st Cir. 2003)(internal citation omitted). Therefore, in order to be a prevailing party, the plaintiff must effect a material alteration in the parties' legal relationship that is not merely technical or *de minimis* in nature. <u>Kerry B. v. Union 53 Pub. Sch.</u>, 882 F. Supp. 184, 187 (D. Mass. 1995)(citing <u>Texas State Teachers Ass'n v. Garland Indep. Sch. District</u>, 489 U.S. 782, 791–92 (1983)).

"It follows from the foregoing that a court faced with the need to decide whether a litigant is (or is not) a prevailing party must make a qualitative inquiry into the import of the result obtained." <u>Maine Sch. Admin. Dist. No. 35</u>, 321 F.3d at 15. In the present case, at hearing, the Plaintiffs sought retroactive reimbursement for all privately-obtained educational services provided to D.B. during the 2007-2008 and 2008-2009 school years. The Plaintiffs also sought prospective funding for the same assortment of privately-obtained educational services into the future. The hearing officer granted partial reimbursement for certain services provided during the 2007-2008 school year; reimbursement for only two (2) sessions of private consultative services provided during the 2008-2009 school year; and no prospective relief. Since the vast majority of the issues at hearing were resolved in Sutton's favor, Sutton asserts that the Plaintiffs obtained only *de minimus* relief from the Hearing Officer and that the parties' legal relationship was not materially altered.

9

Sutton also notes that any calculation of a reasonable amount for a fee award would have to take into account the very limited degree of success achieved by the Plaintiffs, including the failure of their appeal of the final BSEA decisions to this Court. Farrar v. Hobby, 506 U.S. 103, 114 (1992)("…the most critical factor in determining the reasonableness of a fee award is the degree of success obtained;") see also Doe v. Boston Pub. Sch., 550 F. Supp. 2d 170, 174 (D. Mass. 2008)(noting, in the IDEA context, that the degree of a party's success relative to what it originally sought should be considered when determining the reasonableness of the amount of an award).

CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court deny the Plaintiffs' Request for Award of Reasonable Attorney's Fees and Costs.

DEFENDANTS SUTTON SCHOOL DISTRICT
and SUTTON SCHOOL COMMITTEE,
By their attorney,


/s/Regina Williams Tate

Regina Williams Tate
BBO #492780
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-9126
(617) 479-5000


CERTIFICATE OF SERVICE

I, Regina Williams Tate, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electron Filing (NEF) and paper copies will be sent to the Court and to those indicated as non-registered participants on this 10th day of June, 2013.

/s/ Regina Williams Tate
_____
Regina Williams Tate, Esq.