UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| D.B., a Minor, by His Next Friend and Mother, ELIZABETH B., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 10-10897-FDS |
| SUTTON SCHOOL DISTRICT, SUTTON SCHOOL COMMITTEE, and MASSACHUSETTS DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES, COSTS, AND REIMBURSEMENT**

**SAYLOR, J.**

Plaintiff D.B., a minor, by his next friend and mother, Elizabeth B., as the prevailing party in this lawsuit, has moved for attorney's fees, reimbursement, and costs. For the reasons stated below, the motion will be granted in part and denied in part.

**I.    Background**

Plaintiff D.B. is a minor child who attended school in a special education program in the Sutton School District. (Pl.'s Compl. at ¶ 1). The Sutton School Committee was responsible for ensuring that students in its special education program received a Free and Appropriate Public Education ("FAPE"). (*Id*. at ¶ 5). Pursuant to 20 U.S.C. § 1415 and Mass. Gen. Laws ch. 71B § 3, the Massachusetts Department of Elementary and Secondary Education is responsible for overseeing and monitoring the provision of special education to students with disabilities in

Massachusetts and for holding hearings through the Bureau of Special Education Appeals ("BSEA"). (*Id*. at ¶ 6).

On June 12, 2009, D.B.'s parents filed a hearing request with the BSEA. (*Id.* at ¶ 19). They contended that Sutton had violated the Individuals with Disabilities Education Act ("IDEA"), and that the resulting Individualized Education Plans ("IEP") did not provide D.B. with FAPE. (M&O at 10). They also requested that Sutton be required to reimburse them for all costs associated with providing D.B.'s educational program during the two IEP periods. (*Id.*). After reviewing the evidence, the hearing officer determined that (1) although Sutton failed to timely advise plaintiffs of their right to an evaluation, that claim was time-barred; (2) the 2007-08 IEP did not provide D.B. with FAPE, because the suggested placement at the Cotting School would not provide the services called for in the IEP; (3) the 2008-09 IEP did not provide D.B. with FAPE with regard to his activities of daily living—specifically, toileting; (4) Sutton did not predetermine D.B.'s educational placement for the 2007-08 IEP; (5) the possible lack of a regular teacher on the IEP team for the 2007-08 IEP meeting did not impede D.B.'s right to FAPE, or his parents' opportunity to participate in the decision-making process; (6) the lack of a special-education teacher on the IEP team for the 2008-09 IEP meeting impeded the ability of D.B.'s parents to participate fully or meaningfully in the IEP decision-making process; (7) Sutton's placement proposals were not illusory; (8) as to the 2007-08 IEP, plaintiffs were entitled to reimbursement for D.B.'s academic tutoring and occupational-therapy expenses, but not for his social group expenses; and (9) as to the 2008-09 IEP, plaintiffs were entitled to reimbursement for the services they obtained to address D.B.'s toileting and other activities of daily living to remedy the substantive error in the IEP, but were not entitled to reimbursement

for additional expenses because the procedural error did not cause plaintiffs substantive harm. (*Id*.).

On April 19, 2010, plaintiff filed this action in state court appealing the BSEA decision and contending that they were entitled to full reimbursement for the 2008-09 IEP period. The case was subsequently removed to federal court. Sutton counterclaimed, alleging that the hearing

officer erred in awarding reimbursement.

On August 14, 2012, this Court entered judgment on the parties' cross-motions for summary judgment and affirmed the underlying decision of the BSEA. On May 28, 2013, plaintiff submitted a request for award of reasonable attorney's fees and costs.

For the reasons set forth below, plaintiff's requests for reimbursement and an award of interest will be granted, and plaintiff's request for attorney's fees will be denied.

## II.     Motion for Reimbursement

### A.     Prevailing Party

Plaintiff seeks reimbursement as a prevailing party. Defendants state that "[t]he hearing officer granted partial reimbursement for certain services provided during the 2007-2008 school year; reimbursement for only two . . . sessions of private consultative services provided during the 2008-2009 school year; and no prospective relief." (Def. Opp. at 9). Accordingly, defendants contend that the vast majority of issues at the hearing were resolved in its favor, and plaintiff thus obtained only *de minimis* relief.

Under IDEA, a prevailing party is one who succeeds on a significant issue and achieves some of the benefits he sought in bringing suit. *Maine Sch. Admin. Dist. No. 35 v. Mr. R.*, 321

F.3d 9, 14-15 (1st Cir. 2003) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983)).  The party's success cannot be a hollow victory—"it must materially alter the litigants' legal relationship by modifying one party's behavior in a way that directly benefits the other." *Id.* (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792 (1989)).  However, a party need not obtain a favorable final judgment on all, or even the most crucial, of her claims, in order to be considered a prevailing party. *Id.* at 15.  Rather, a court "must make a qualitative inquiry into the import of the result obtained" in deciding whether a litigant is a prevailing party. *Id.*

In affirming the BSEA hearing officer's decision on August 14, 2012, this Court noted that the hearing officer, in part, determined that (1) the 2007-08 IEP did not provide D.B. with FAPE, because the suggested placement at the Cotting School would not provide the services called for in the IEP; (2) the 2008-09 IEP did not provide D.B. with FAPE with regard to his daily activities of daily living—specifically, toileting; and (3) the lack of a special-education teacher on the IEP team for the 2008-09 IEP meeting impeded D.B.'s parents from participating fully or meaningfully in the IEP decision-making process regarding FAPE.  The hearing officer had also declared that:

> Sutton shall reimburse Parents for all out-of-pocket expenses relative to their privately providing academic tutoring services to Student from 10/25/07 though 10/26/08.  Sutton shall reimburse Parents for all out-of-pocket expenses relative to their privately providing occupational therapy services to Student from 10/25/07 through 10/26/08.  Sutton shall reimburse Parents for all out-of-pocket expenses relative to their consultation sessions with Gregory Paquette during the time period from 10/27/08 to 10/26/09.

(Pl. Request at 2 (citing BSEA Decision 09-7983 at 44)).

Under the circumstances, plaintiff succeeded "on a significant issue and achieve[d] some

of the benefits [he] sought in bringing suit," and therefore plaintiff is entitled to reimbursement as a prevailing party.

Plaintiff seeks reimbursement for expenses incurred in providing education to D.B. with respect to tutoring costs, occupational therapy costs, and enumerated toileting instruction costs. Plaintiff states that this "reimbursement includes academic tutoring services provided by Rebecca Ronstadt and Yasmeen Bressner, Occupational Therapy services provided by Project Child, travel required to provide these services, and toileting services provided by Gregory Pacquette of ICCD." (Pl. Request at 2). As noted above, the Hearing Officer granted reimbursement for these services, and this Court affirmed that decision.

The requested reimbursement, as supported by Exhibits A-1 through A-4, is as follows:

| | | |
|---|---|---|
| (A) | Rebecca Ronstadt Tutoring: | $16,345.00 |
| | Travel (Sutton to Lexington): | $ 9,852.30 (31 days x 90 miles RT at .485 x 90 (2007 rate); (187 days x 90 miles RT at .505 (2008 rate)) |
| (B) | Yasmeen Bressner Tutoring: | $ 1,720.00 |
| | Travel (Sutton to Lexington): | $ 990.90 (22 x 90 miles RT x .505) |
| (C) | Project Child Occupational Therapy (10/25/07-10/26/08): | $2,395.00 |
| | Travel (Lexington to Beverly): | $1,365.00 (51 days x 53 miles RT x .505) |
| (D) | Gregory Paquette: | $400.00 |
| Total: | | $33,068.20 |

Defendants do not contest the reasonableness of those costs. Accordingly, defendants shall reimburse plaintiff for educational services in the amount of $33,068.20.

**B.      Interest**

Plaintiffs contend that they are entitled to interest as to reimbursement from the date of the hearing officer's order—that is, from January 26, 2010. Defendants do not address the issue of whether plaintiff, if awarded reimbursement, is also entitled to interest.

A prevailing party on an IDEA claim is entitled to interest on its reimbursement award. *See Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*, 408 F. App'x 411, 414-15 (2d Cir. 2010). Interest is to be computed using the standard federal interest calculation methodology in 28 U.S.C. § 1961(a).[1] *Id.* at 415. Accordingly, plaintiffs are entitled to interest from January 26, 2010, the date of the hearing officer's order, to the date of this opinion, in the amount of $151.24, calculated as follows:

Reimbursement awarded to plaintiffs = $33,068.20

Interest rate per the weekly average one-year constant maturity Treasury yield = .11%

    Jan. 26–Dec. 31, 2010: 340/365 x 33,068.20 x .0011 = $33.88

    Jan. 1–Dec. 31, 2011: ($33,068.20 + $33.88) x .0011 = $36.41

    Jan. 1–Dec. 31, 2012: ($33,068.20 + $33.88 + $36.41) x .0011 = $36.45

    Jan. 1–Jul. 31, 2013: 212/365 x ($33,068.20 + $33.88 + $36.41 + $36.45) x .0011

        = $21.20

Total Interest: $127.94

---

[1] Under 28 U.S.C. § 1961(a), interest generally begins running from the date of the district court's first decision. However, an IDEA claim cannot be filed in district court in the first instance. Accordingly, as suggested by the Second Circuit, interest in an IDEA case shall begin running from the date of the hearing officer's order.

II.     **Attorney's Fees**

The IDEA provides district courts with the discretion to "award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party." *S.N. ex rel. J.N. v. Pittsford Cent. Sch. Dist.*, 448 F.3d 601, 602 (2d Cir. 2006) (citing 20 U.S.C. § 1415(i)(3)(B)). Plaintiffs also contend that they are entitled to $50,406 in attorney's fees. The attorney in this case was plaintiff's father.[2] Plaintiff contends that "a lawyer who represents his child is [not] acting *pro se*" and therefore may recover attorney's fees for representing his child. (Pl. Reply at 12) (citing *McLaughlin v. Boston Sch. Comm.*, 976 F. Supp. 53, 65 (D. Mass. 1997)).

Whether a parent representing his child in an IDEA case can obtain attorney's fees has not been decided by the First Circuit. In *Kay v. Ehrlet*, 499 U.S. 432, 111 (1991), the Supreme Court held that an attorney representing *himself* was not entitled to attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988. Like the IDEA, § 1988 grants district courts the discretion to award attorney's fees to the prevailing party. The Supreme Court found that Congress enacted § 1988 primarily "to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." *Kay*, 499 U.S. at 436. The Court also noted that "[a] rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf." *Id.* at 438. Positing

---

[2] The failure to list D.B's father, the attorney who represented D.B., as a named plaintiff neither renders him independent legal counsel nor severs the parent-child relationship. *See Ford v. Long Beach Unified Sch. Dist.*, 461 F.3d 1087, 1088 (9th Cir. 2006).

that "[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation," the Court determined that the "statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." *Id.* at 437–38.

Circuit courts have relied on the Supreme Court's reasoning in *Kay* in answering the question whether attorney's fees can be awarded to parents representing their children in the IDEA actions. The Ninth Circuit has adopted a bright-line rule prohibiting the award of attorney's fees to attorney-parents who provide legal services for their own child in proceedings brought under the IDEA. The court reasoned that this bright-line prohibition better served Congress's intent to ensure that children with disabilities benefit from the judgment of an *independent* third party. *See Ford*, 461 F.3d at 1091. Similarly, the Second Circuit has reasoned that "[t]he danger that a parent-attorney would lack sufficient emotional detachment to provide effective presentation is undeniably present in disputes arising under the IDEA," and consequently held that a "parent-attorney is not entitled to attorney's fees under the IDEA for the representation of his or her own child." S*ee S.N.*, 448 F.3d at 603, 05. The Fourth Circuit has reasoned that "like attorneys appearing *pro se*, attorney-parents are generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that 'reason, rather than emotion,' will dictate the conduct of the litigation," and concluded that parents representing their children in IDEA proceedings may not receive attorney's fees. *See Doe v. Bd. of Educ. of Baltimore Cnty.*, 165 F.3d 260, 263 (4th Cir. 1998)). Finally, the Third Circuit has expressly relied on the rationale of *Kay* and *Doe* of encouraging "parents to seek independent, emotionally detached counsel for their children's IDEA actions, [in holding] that attorney-

parents cannot recover fees for representing their children in IDEA cases." *See Woodside v. Sch. Dist. Of Philadelphia Bd. of Educ.*, 248 F.3d 129, 131 (3d Cir. 2001).

It appears that every circuit court that has addressed the question of whether to award reasonable attorney's fees to parents representing their children has answered in the negative. This Court accordingly holds that an attorney-parent cannot receive attorney fees for work representing his minor child in a proceeding under the IDEA, and plaintiff's request for attorney's fees will be denied.

## IV.   Conclusion

For the foregoing reasons, plaintiffs' motions for reimbursement and interest are GRANTED.  Defendants are ordered to pay $33,068.20 in reimbursement and an additional $127.94 in interest.  Plaintiffs' motion for attorney's fees is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  July 25, 2013